# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN DAVID RYAN,<br><br>Defendant. | Case No. CR12-3012<br><br>ORDER FOR PRETRIAL DETENTION |

On the 19th day of April, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 20, 2012, Defendant Shawn David Ryan was charged by Indictment (docket number 2) with being a felon in possession of a firearm. At the arraignment on April 17, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on June 18, 2012.

At the hearing, Clear Lake Police Officer Ryan Eskildsen testified regarding the circumstances underlying the instant charges. Eskildsen testified law enforcement officers received information Defendant was involved in the burglary of a house in Clear Lake, Iowa, on December 18, 2011. Jewelry, antiques, paintings, and 3 guns were stolen from the house. A class ring stolen from the house later appeared for sale on eBay. Law enforcement interviewed the eBay seller, and he told officers that he purchased the ring and other items related to the burglary from Defendant.

1

On January 10, 2012, a search warrant was executed at Defendant's residence. During the search, law enforcement found property matching items from the burglary, including a rifle found in Defendant's car, and a .38 caliber revolver found in Defendant's closet. Stolen jewelry was found and stolen paintings were hanging on the wall. Law enforcement also found a baggie with methamphetamine residue in Defendant's bedroom.

Law enforcement interviewed Defendant twice. The first interview was at Defendant's residence when the search was conducted. Defendant admitted possession of the rifle. He told officers that he got the rifle from "some guy named Steve." On the day following the search of his residence, Defendant was interviewed again. Here, Defendant admitted possession of the revolver, telling officers that Steve Epstein gave him both firearms "to hold onto." Additionally, at one or both of the interviews, Defendant also admitted he knew he was a felon. He also admitted using methamphetamine one week before the search of his residence.

According to the pretrial services report, Defendant is 53 years old. He has lived most of his life in Mason City, Iowa. Defendant's mother and step-father live in Mason City. Defendant has five siblings. Except for a brother who resides in Texas, his other siblings live in Mason City and Des Moines, Iowa. Defendant was married and later divorced. He has two adult children who reside in Iowa. Defendant told the pretrial services officer that he has lived with his mother and step-father for the past eight years, but his mother told the pretrial services officer that Defendant has lived at her residence "off-and-on" for a "long time," and sometimes maintains his own residence.

Defendant has been employed as a concrete foreman in Mason City for the past five years. He is currently laid-off, but hopes to resume employment soon. Defendant is in good physical health, and reports no history of mental or emotional health concerns. He told the pretrial services officer that he rarely consumes alcohol and tried methamphetamine once eight years ago, and has not used illicit drugs since that time.[1]

---

[1] Defendant's statement to the pretrial services officer in this regard is inconsistent with his earlier
(continued...)

Defendant's criminal history begins in 1993, when he was charged with second degree burglary. It appears he may have pleaded guilty to a lesser offense. In 1994, Defendant was charged with second degree theft, but that charge was later dismissed. In August 1995, Defendant was charged and later convicted of fourth degree theft in Cerro Gordo County, Iowa. In September 1995, while the Cerro Gordo county charge was pending, Defendant was charged and later convicted of second degree theft in Dallas County, Iowa.

In April 1996, while the Dallas County charge remained pending, Defendant was charged and later convicted of fourth degree theft, again in Cerro Gordo County. In December 1996, while on probation in the Cerro Gordo County fourth degree theft charge, and while the Dallas County second degree theft charge remained pending, Defendant was charged and later convicted of second degree theft and forgery in Polk County, Iowa. On March 31, 1997, Defendant was charged with second degree theft in Polk County. Four days later, on April 3, Defendant was charged again in Polk County in two separate cases with second degree theft and forgery. In April 1997, an arrest warrant was issued in the 1995 Dallas County second degree theft case. In September 1997, Defendant was arrested in Arizona and brought back to Iowa. In February 1998, Defendant was sentenced to 5 years in prison on each count of second degree theft and forgery in the December 1996 Polk County case, and 5 years in prison on the 1995 Dallas County second degree theft case. Defendant's probation in the 1996 Cerro Gordo County fourth degree theft charge was also revoked in February 1998, and he was sentenced to 360 days in jail. In all those cases, Defendant was paroled on March 10, 1999. He was discharged from parole on December 21, 1999.

In 2002, Defendant was charged and later convicted of theft of a credit card in Arizona. He was sentenced in January 2003 to 2 years in prison. On May 4, 2004, Defendant was paroled. He was discharged from parole on November 7, 2004.

---

[1](...continued)
statements to law enforcement.

3

In 2005, Defendant was charged with theft and trafficking stolen property in Arizona. Defendant failed to appear for court proceedings on those charges, and a warrant for his arrest was issued. The warrant remains active. Less than two months after failing to appear on those charges, Defendant was charged again in Arizona with two counts of theft and one count of trafficking stolen property. Again, Defendant failed to appear for court proceedings on those charges, and an arrest warrant was issued. That warrant also remains active.

In 2006, Defendant was charged and later convicted of fifth degree theft in Cerro Gordo County. Defendant failed to appear for court proceedings twice. He was sentenced to 2 days in jail. In 2008, Defendant was charged and later convicted of third degree theft. He was sentenced to 2 years in prison (suspended) and given 2 years probation. In January 2012, Defendant was charged and later convicted with third degree theft. He was sentenced to 120 days in jail.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. It is undisputed that Defendant is a convicted felon. He admitted to law enforcement that he knew he was a convicted felon. Two firearms were found in Defendant's residence and car. Defendant admitted possessing the firearms, and claimed that he was holding them for another person. From the evidence, it appears that Defendant likely knew that the firearms were stolen. He currently has similar charges pending in Arizona. There are also two outstanding warrants for Defendant's arrest in Arizona. Defendant has a history of failing to appear at court proceedings.

Defendant also was untruthful during his interview with the pretrial services officer. According to Officer Eskildsen, when Defendant's residence was searched, he admitted using methamphetamine one week before the search, but Defendant told the pretrial services officer that he had only used methamphetamine once eight years ago. Similarly, Defendant told the pretrial services officer that he had lived with his mother and step-father in Mason City for the past 8 years, but his mother stated that he lived "off-and-on" at her residence and sometimes maintained his own residence. Based on all the facts and circumstances, the Court believes that there is a substantial chance that Defendant would not appear for further court proceedings. Accordingly, Defendant will be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Therefore, pursuant to

18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 17, 2012) to the filing of this Ruling (April 19, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 19th day of April, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA